PRICE, Judge.
Defendant, Louisiana Real Estate and Development Co., appeals a judgment ordering it to pay $10,000 to plaintiff, Malcolm Weaver d/b/a Certified Real Estate, based upon a real estate contract executed between defendant and Paul Woodall as agent for plaintiff. We reverse.
On July 16, 1975, defendant and Paul Woodall entered into a written contract contemplating the promotion of a federally funded apartment project to facilitate the sale of a certain five-acre tract of land. Pertinent provisions of the contract state:
. .. We as owners are interested in selling this tract of ground that includes the old service station for a total of $125,-000.00. We realized that in order to sell this land, much work needs to be done to make it more attractive to a purchaser. With this in mind, we hereby grant unto you the right to start work on an FHA D4 apartment project. The original period of time for this project will be six months, however this can be extended if you have developed something, but a sale has not been completed.
Louisiana Real Estate & Development Co. as owners will advance up to $5,000.00 in expense money, and you as developer will donate your time and effort to this project. If this project can be put together and sold, Louisiana Real Estate & Development Co. will receive $125,000.00 for the land, up to $5,000.00 for expenses, and you will receive $10,000.00 for your time and effort. Any amounts received from the sale of this tract in excess of the total of the amounts mentioned above, will be divided one-half to Certified Real Estate and one-half to us.
Woodall was unsuccessful in promoting a FHA D4 project for the property. Later, after becoming employed by Boucher & Slack, real estate developers, to engage in similar work, he was instrumental in interesting these parties and others in purchasing the property for use in the development of a different type of FHA apartment complex. The property was conveyed for a total consideration of $125,000. Some time thereafter Woodall demanded a commission of $10,000 from defendant and was refused. This action was filed by Malcolm Weaver d/b/a Certified Real Estate, a licensed real *1282 estate broker, who contends Woodall was his agent in the subject transaction and that defendant owes him the $10,000 commission under the terms of the above written agreement. Defendant filed an exception of no right of action and then answered with a general denial. A decision on the exception, which put interpretation of the contract and Woodall’s agency status at issue, was deferred until after trial on the merits.
At trial, plaintiff’s evidence included the written contract, testimony establishing Woodall’s agency status, and testimony concerning his efforts in procuring a buyer of the property. Defendant attempted to introduce parol evidence which would explain the agreement and tend to prove Woodall was acting on his own behalf as a land developer rather than as a real estate agent for plaintiff. In an effort to show that Woodall had not performed pursuant to the agreement, defendant also tried to introduce testimony showing all parties had agreed that the contemplated FHA D4 project had ceased to exist prior to the sale of the land. Upon the timely objections of plaintiff, the trial court refused to admit this evidence.
In rendering judgment for the plaintiff, the trial court reasoned as follows:
. . . Reading the contract clearly reveals that Louisiana Real Estate and Development was looking for a sales price of $125,000 plus reimbursement of the expenses, if any, advanced to Mr. Woodall. If Louisiana Real Estate Development Company received that then Mr. Woodall, as agent for Certified Real Estate, would be entitled to $10,000 for time and effort expended in the development.. . .
. . . [Ijt’s inconceivable that Louisiana Real Estate would not have expected to have to pay a fee when presented with the option to purchase for $125,000. . . .
On appeal defendant’s primary allegations of error are that the trial court misinterpreted the contract and improperly excluded relevant evidence.
Defendant contends the contract at issue shows on its face that it is not merely a contract for the sale of property, but rather a contract for the promotion of a specific FHA D4 housing project to enable defendant to sell the property for a net amount of $125,000. Since such a project was not developed on the property, defendant argues plaintiff has not performed pursuant to the terms of the contract. Furthermore, defendant contends that by the terms of the contract, nothing was due Woodall unless defendant realized a net profit of $125,000 from the sale, after payment of all expenses. In the instant case, although no expenses were advanced, defendant’s net profit will be reduced to $115,000 if it is forced to pay a commission.
The contract before us, although complete and unambiguous, is not the type of standard listing agreement ordinarily employed by a real estate broker. Indeed, the evidence shows that this particular agreement was drawn by the defendant. After careful study of this document, we find the trial court erred in its interpretation of the agreement existing between the parties, as evidenced by the written contract.
On its face, this contract clearly contemplates the promotion of a specific FHA D4 apartment project to enhance the market value of defendant’s tract of land. The contract calls upon Woodall, as developer, to “donate your time and effort to this project.” The parties further agree that a commission is due only “if this project can be put together and sold” for a specified sum of money.
The record reflects that the FHA D4 apartment project was not developed upon the property. Since Woodall has not complied with the terms of the agreement, his efforts in the promotion of another project and sale of the tract cannot be considered as performance under this particular contract.
An additional reason plaintiff cannot prevail under the contract sued upon is that the sale to the Boucher & Slack group was not for a sufficient amount to have earned him the fee contemplated under the literal provisions of the agreement, which clearly provides for distribution of proceeds in the following order:
*1283 (1) The first $125,000 to defendant, Louisiana Real Estate and Development Company.
(2) The next $5,000 to defendant for expenses advanced.
(3) The next $10,000 to Woodall.
(4) Any amounts in excess of the above, to be divided equally between plaintiff and defendant.
In the instant case, no expenses were advanced to Woodall. Therefore, under the provisions of the contract, the property would have to be sold for a minimum of $135,000 to ensure both defendant’s profit and the contemplated commission. Since the property was sold for only $125,000, no commission is due under the contract.
For the reasons assigned, the judgment of the trial court is reversed, with all costs of this appeal assessed to plaintiff.